Alison Pulaski Carter (SBN 276090)
**BURNSBARTON PLC**
2201 E. Camelback Road, Ste. 360
Phoenix, AZ 85016
Main: 602.753.4500
Fax: 602-428-7012
alison@burnsbarton.com
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Latisha Arnold, | NO.: |
| Plaintiff, | (Formerly San Joaquin County Superior Court No. STK-CV-UOE-2020-4970) |
| vs. | |
| United Parcel Service, Inc., and DOES 1 to 100, | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION & DIVERSITY)** |
| Defendants. | |

**TO THE CLERK OF THE COURT, HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF LATISHA ARNOLD AND TO PLAINTIFF'S ATTORNEYS OF RECORD, KARO G. KARAPETYAN AND MANNY M. STARR AND FRONTIER LAW CENTER:**

**PLEASE TAKE NOTICE THAT** Defendant United Parcel Service, Inc. ("UPS") hereby removes this action from the Superior Court of California, County of San Joaquin, pursuant to 28 U.S.C. Sections 1332, 1441 and 1446 to the United States District Court, Eastern District of California. UPS respectfully submits the following statement as the grounds for removal:

1.    On or about June 18, 2020, Plaintiff Latisha Arnold ("Plaintiff") filed an action in the Superior Court of California, County of San Joaquin entitled: "*Latisha Arnold v. United Parcel Service, Inc. and Does 1 through 100, inclusive*," designated as Case No. STK-CV-UOE-2020-4970 (the "Action"). The Complaint alleges the following

purported causes of action: (1) sexual harassment in violation of FEHA; (2) hostile work environment; (3) failure to prevent harassment; and (4) negligent hiring and retention. Plaintiff's Complaint does not specify an amount in controversy. Declaration of Alison Pulaski Carter ("Carter Decl.") at ¶ 2, which is attached hereto as "Exhibit 1." A copy of the Complaint is attached as "Exhibit A" to the Carter Declaration. The allegations of the Complaint are incorporated into this notice by reference, though UPS denies Plaintiff's allegations, and specifically alleges that she has not been damaged and is not entitled to relief.

2.     On July 7, 2020, Plaintiff effected service of process on UPS via personal service. Carter Decl. at ¶ 3. Proof of service via personal service, is attached as "Exhibit B" to Carter Declaration. Defendants Does 1 through 100 are unnamed and unknown, and, therefore, have not been served with the Complaint. Complaint at ¶ 3.

3.     Copies all other process, pleadings, and orders served or obtained by UPS in the state court action are attached as "Exhibit C" to Carter Declaration. To date, UPS has only obtained a copy of the Summons, Complaint, Notice of Case Assignment and Notice of Hearing, and Civil Case Cover Sheet in the Action. Carter Decl. at ¶ 4.

4.     On December 9, 2019, Plaintiff's counsel, Karo Karapetyan, ("Plaintiff's Counsel) sent a settlement demand to UPS via certified mail. Carter Decl. at ¶ 5. Plaintiff's demand included a request for $750,000 in monetary damages. *Id.* A true and correct copy of Plaintiff's counsel's letter to UPS, dated December 9, 2019, is attached as Exhibit D to the Carter Declaration.

5.     This Notice of Removal is being filed within thirty days after effective service on UPS of "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Accordingly, removal is timely filed pursuant to 28 U.S.C. § 1446(b).

6.     The Notice of Removal is also being filed within thirty days after effective service of UPS of another "paper from which it may first be ascertained that the case is one which is…removable," and this Notice of Removal is being filed not more than one

Notice of Removal of Civil Action Under 28 U.S.C. § 1441

year after commencement of the Action.  Accordingly, removal is timely filed pursuant to 28 U.S.C. § 1446(b).

7.     In accordance with 28 U.S.C. § 1446(d), UPS will, promptly after filing the Notice of Removal, give written notice of the removal to the adverse party and will file a copy of this Notice of Removal with the Clerk of the Court of the Superior Court of California for the County of San Joaquin.  Copies of these Notices are attached as "Exhibit E" and "Exhibit F" to the Carter Declaration.  Proof of Service of the Notice to Superior Court of Removal to Federal Court and the Notice to Adverse Party of Removal to Federal Court will be filed with this Court immediately after the Superior Court filing is accomplished.  Carter Decl. at ¶ 6.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Superior Court where the removed case was pending is located within this District.

**REMOVAL IS PROPER BASED UPON DIVERSITY JURISDICTION**

9.     The Complaint and each alleged cause of action contained therein, properly may be removed on the basis of diversity of citizenship jurisdiction, in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1332 and 1441.

10.     In the Complaint, Plaintiff alleges that she was and is a citizen of the State of California, San Joaquin County.  Compl. at ¶ 1.

11.     UPS is, and was at the time this action commenced, a citizen of the State of Ohio and the State of Georgia within the meaning of 28 U.S.C. §§ 1332(c)(1), because it is, and was at the time the time this action commenced, incorporated under the laws of the State of Ohio and its principal place of business was and is in the State of Georgia. Declaration of Ryan Swift ("Swift Declaration") at ¶¶ 3-7, attached here to as "Exhibit 2." *See also Saavedra v. United Parcel Service, Inc.*, 2003 WL 23989926 at * 2 (N.D. Cal., May 15, 2003) ("Defendant UPS is a citizen of the states of Georgia and Ohio.")

12.     UPS is primarily engaged in the delivery of packages and documents throughout the United States and internationally.  Swift Decl. ¶ 4. UPS operates in every

-3-

state in the United States. *Id.* Indeed, UPS's service area includes every address in the United States. *Id. Argyris v. United Parcel Service, Inc.*, 2009 WL 1652911 (C.D. Cal., June 11, 2009) at * 1 (holding that "because UPS provides similar service in all fifty states and internationally, a 'substantial predominance' of its business activity does not take place in any single state" and citing in support that: (i) "UPS maintains less than ten percent of its workforce an facilities in California," and (ii) "[a]lthough California has the highest level of UPS activity, other states fall within four percent of California's numbers and California has a larger population than most other states"); *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1030 (9th Cir. 2009) (holding that a corporation "with operations spread across many states will be a citizen of California only when a substantial predominance of its activities are located in California; it will not be a citizen of California merely because its operations in California cater to California's larger population.").

13.     UPS's executive and administrative functions are centralized in Atlanta, Georgia. Swift Decl. at ¶ 5. Members of the Management Committee, the committee responsible for the day-to-day management of UPS's business, reside in Atlanta. *Id*. UPS's corporate headquarters in Atlanta also oversees all of UPS's major departments, including each of the following: advertising, automotive, business development, customer relations, human resources, industrial engineering, investor relations, labor relations, legal, marketing, mergers and acquisitions, payroll, public relations, real estate, risk management, security and tax. Swift Decl. at ¶ 6. UPS also maintains its corporate records and files in Atlanta, prepares and files its federal income taxes in Atlanta, and holds itself out to the public as maintaining corporate headquarters in Atlanta. Swift Decl. at ¶¶ 3 and 7; *Id. See also Argyris*, 2009 WL 1652911 at * 2 ("When no single state encompasses a 'substantial predominance' of an organization's business activity, an organization's principal place of business is the state in which its 'nerve center' is located" and holding that "UPS's principal place of business for purposes of diversity jurisdiction is Georgia" because: (i) UPS's executive and administrative functions are all

located in its corporate headquarters in Atlanta, Georgia; (ii) UPS files its federal taxes in Georgia and (iii) UPS is publicly known as maintaining headquarters in Georgia.); *Davis*, 557 F.3d at 1028 (holding that "[i]f no state contains a 'substantial predominance' of the corporation's business activity, the 'nerve center' test applies and the corporation's principal place of business is where the corporation's headquarters are located.") (citations omitted).

14.    The presence of Doe defendants in this case has no bearing on diversity with respect to removal.  *See* 28 U.S.C § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

15.    Without admitting that Plaintiff is entitled to any damages whatsoever, the amount in controversy in this Action exceeds $75,000.00, exclusive of interest and costs, on the following grounds:

a.    Although the amount in controversy is not expressly stated on the face of Plaintiff's Complaint, Plaintiff's Counsel sent a letter to UPS's counsel dated December 9, 2019, respectively.  *See* "Exhibit D" to Carter Decl.  Plaintiff's settlement demand requested monetary damages in the amount of $750,000.  *Id.*  It is well established in the Ninth Circuit that a document reflecting a settlement demand in excess of the jurisdictional minimum constitutes "other paper" sufficient to provide notice that a case is removable pursuant to Section 28 U.S.C. § 1446(b).  *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 n. 3 (9th Cir. 2002) ("[a] settlement letter is relevant evidence of the amount of controversy if it appears to reflect a reasonable estimate of the plaintiff's claim"); *Uribe v. Autozone, Inc.*, 166 F. App'x 896, 897 (9th Cir. 2006) ("The district court properly relied upon a pre-removal settlement letter to conclude that amount in controversy exceeded the jurisdictional maximum for diversity jurisdiction"); *Del Real v. Healthsouth Corp.*, 171 F.Supp.2d 1041, 1043 (D. Ariz. 2001) ("[A]s to whether a demand letter is admissible as evidence, many courts have ruled that even if the initial pleading in a case does not support the amount in controversy requirements for diversity jurisdiction, defendants may use a variety of documents, including a written settlement

demand, as 'other paper,' to determine if the case is removable"). Moreover, numerous courts, including the Ninth Circuit, have concluded that Rule 408 of the Federal Rules of Evidence does not prohibit the use of settlement offers in the removal context, as evidence of the amount in controversy. *See e.g. Cohn.*, 281 F.3d at 840 n. 3 ("We reject the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount of controversy. Rule 408 disallows use of settlement letters to prove 'liability for or invalidity of the claim or its amount.' We agree with the district court that Rule 408 is inapplicable because this evidence was not offered to establish the amount of [Defendant's] liability, but merely to indicate [Plaintiff's] assessment of the value of the trademark."). Accordingly, Plaintiff's settlement demands establish that the amount in controversy for diversity jurisdiction is satisfied.

16. Because Plaintiff and UPS are citizens of different states, and because the Court may disregard the citizenship of Doe defendants, there is complete diversity between the parties. Furthermore, since there is complete diversity and since the amount in controversy threshold is met, the requirements for removal under 28 U.S.C. §§ 1332(a) and 1441(a) are satisfied. Therefore the Court has original jurisdiction over the Complaint, and each alleged cause of action contained therein, under 28 U.S.C. § 1332. The Complaint may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

WHEREFORE, for the above-stated reasons, UPS respectfully removes this action from the Superior Court for the State of California (San Joaquin County) to the United States District Court for the Eastern District of California.

RESPECTFULLY SUBMITTED this 6th day of August, 2020.

**BURNSBARTON PLC**

By  *Alison Pulaski Carter*
Alison Pulaski Carter
Attorneys for Defendant

Notice of Removal of Civil Action Under 28 U.S.C. § 1441

## CERTIFICATE OF SERVICE

I hereby certify that on August 6th, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all registered parties.

Karo Karapetyan
karo@frontierlawcenter.com
Manny M. Starr
manny@frontierlawcenter.com
Frontier Law Center
23901 Calabasas Road, Suite #2074
Calabasas CA 91302
*Attorneys for Plaintiff*

*s/ Betsy Hibbs*

Notice of Removal of Civil Action Under 28 U.S.C. § 1441

# EXHIBIT 1

Alison Pulaski Carter (SBN 276090)
**BURNSBARTON PLC**
2201 E. Camelback Road, Ste. 360
Phoenix, AZ 85016
Main: 602.753.4500
Fax: 602-428-7012
alison@burnsbarton.com
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Latisha Arnold,<br><br>                  Plaintiff,<br><br>     vs.<br><br>United Parcel Service, Inc., and DOES 1 to 100,<br><br>                  Defendants. | NO.:<br><br>(Formerly San Joaquin County Superior Court No. STK-CV-UOE-2020-4970)<br><br>**DECLARATION OF ALISON PULASKI CARTER IN SUPPORT OF DEFENDANT UNITED PARCEL SERVICE, INC.'S NOTICE OF REMOVAL** |

**I, ALISON PULASKI CARTER,** declare and state as follows

1.     I am an attorney licensed by the Bars of the State of Arizona and the State of California.  I am associate in the law firm of BurnsBarton, PLC, counsel of record for Defendant United Parcel Service, Inc. ("UPS" or "Defendant").  I have personal knowledge of the facts set forth in this Declaration, and if called to testify under oath, could and would testify competently thereto.

2.     On or about June 18, 2020, Plaintiff Latisha Arnold ("Plaintiff") filed an action in the Superior Court of California, County of San Joaquin entitled:  *"Latisha Arnold v. United Parcel Service, Inc. and Does 1 through 100, inclusive,"* designated as Case No. STK-CV-UOE-2020-4970 (the "Action").  A true and correct copy of the Complaint is attached hereto as "Exhibit A."

3.     On July 7, 2020, Plaintiff effected service of the Complaint on UPS via personal service.  A true and correct copy of the Notice of Service of Process as received by UPS is attached hereto as "Exhibit B."

4. True and correct copies of all other process, pleadings and orders served or obtained by UPS in the Action are attached hereto as "Exhibit C." To date, UPS has only obtained a copy of the Summons, Civil Cover Sheet, and Notice of Case Assignment and Notice of Hearing (Exhibit C) and Complaint (Exhibit A).

5. On December 9, 2019, Plaintiff's counsel, Karo Karapetyan, ("Plaintiff's Counsel) sent a settlement demand to UPS via certified mail. Plaintiff's demand included a request for $750,000 in monetary damages. *Id.* A true and correct copy of Plaintiff's counsel's letter to UPS, dated December 9, 2019, is attached hereto as "Exhibit D"

6. True and correct copies of UPS's Notice to Adverse Party and Notice to Superior Court of Removal to the United States District Court for the Eastern District of California, are attached hereto as "Exhibit E" and "Exhibit F," respectively. Proof of service of the Notice to Adverse Party of Removal and the Notice to Superior Court of Removal to Federal Court will be filed with this Court immediately after the Superior Court filing is accomplished.

7. A true and correct copy of UPS's Federal Civil Cover Sheet is attached hereto as "Exhibit G".

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of August, 2020 at Phoenix, Arizona

By_____

ALISON PULASKI CARTER

Declaration of Alison Pulaski Carter
-2-

# EXHIBIT A

Karo G. Karapetyan (318101)
karo@frontierlawcenter.com
Manny M. Starr (319778)
manny@frontierlawcenter.com
FRONTIER LAW CENTER
23901 Calabasas Road, STE #2074
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Attorneys for Plaintiff
Latisha Arnold

FILED
SUPERIOR COURT-STOCKTON

2020 JUN 18  PM 3:07

BRANDON E. RILEY, CLERK
BY  JESSICA CAYO
DEP

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN JOAQUIN

LATISHA ARNOLD

       Plaintiff,

       v.

UNITED PARCEL SERVICE, INC., and DOES 1 to 100,

       Defendants.

CASE NO. STK-CV-UOE-2020-4970

COMPLAINT FOR DAMAGES

1. Sexual Harassment in Violation of FEHA
2. Hostile Work Environment
3. Failure to Prevent Harassment
4. Negligent Hiring and Retention

## RELEVANT PARTIES

1. Latisha Arnold ("Plaintiff") is an adult resident of San Joaquin County, State of California, and was at all times relevant residing in Stockton, California.

2. Defendant United Parcel Service, Inc. ("Defendant") is an Ohio corporation with its principal place of business located in Fulton County, Georgia and is registered to conduct business within the State of California. As an entity operating under the laws of the State of California, Defendant is subject to suit under the Fair Employment and Housing Act ("FEHA") in that Defendant is an employer who regularly employs one or more persons. All acts and omissions of Defendant's employees as alleged herein occurred while they were acting within the course and scope of their

-1-
COMPLAINT

FILE BY FAX

Defendant is therefore responsible for any damages to Plaintiff under the doctrine of Respondeat Superior and/or other doctrines.

3. Plaintiff is unaware of the true names or capacities of the Defendants sued herein as DOES 1 through 100, inclusive ("Doe Defendants"), and therefore sues said Doe Defendants by such fictitious names. Plaintiff will seek leave of this Court to amend this Complaint to insert the true names and capacities of such Doe Defendants when such information has been obtained. Plaintiff is informed and believes, and based on such information and belief alleges, that each of the fictitiously named Doe Defendants has participated in some way in the wrongful acts and omissions alleged below, and is liable to Plaintiff for damages and other relief to which Plaintiff is entitled.

## JURISDICTION AND VENUE

4. This action is properly filed in San Joaquin County because the acts and omissions that give rise to Plaintiff's claims took place in San Joaquin County, California, as Plaintiff was employed by Defendant in San Joaquin County, California, and Defendant transacts substantial business in this County.

5. This Court has jurisdiction over Defendant because Defendant unlawful conduct as alleged herein occurred in San Joaquin County, California and Plaintiff suffered damages from such conduct within San Joaquin County, California.

6. A Right to Sue letter from the Department of Fair Employment & Housing ("DFEH") was issued on December 9, 2019.

## FACTUAL ALLEGATIONS

7. Plaintiff began her term of employment with Defendant in November 2019.

8. Almost after immediately beginning her term of employment, Plaintiff was subjected to an unrelenting pattern of sexually assaultive and harassing behavior by her supervisor, "Rodney."

9. Rodney's inappropriate behavior included but was not limited to sending Plaintiff a video of Rodney stroking his engorged penis. While masturbating and making intermittent guttural noises, Rodney provided a lurid description of the sexual acts he wanted to perform on Plaintiff.

10. Plaintiff repeatedly rejected Rodney's inappropriate advances and ultimately reported Rodney's conduct to another supervisor.

-2-
COMPLAINT

11. After filing a complaint with human resources, Latisha was sent home with pay while Defendant conducted an investigation.

12. Subsequent to its investigation, Defendant terminated Rodney for his inappropriate conduct. Notwithstanding, Plaintiff has remained emotionally scarred from Rodney's highly inappropriate and unwelcome sexual advances.

13. As a female employee, Plaintiff is a member of a "protected class" under the Fair Employment and Housing Act ("FEHA"). FEHA requires employers to refrain from discriminating and retaliating against any employee on the basis of their protected class, including on the basis of sex, and to prevent discrimination on such basis, and/or engagement in protected activities.

14. In this case, Defendant was obligated to treat Plaintiff in a manner which protected her civil rights. Instead, Plaintiff was subjected to unwelcome sexual harassment.

15. The conduct alleged herein violates FEHA and, as a result, Plaintiff is entitled to damages including, but not limited to, lost wages/salary, benefits, interest, punitive damages, damages for pain and suffering and emotional distress, and attorneys' fees and costs, pursuant to the applicable provisions of the California Government Code Section 12940, et seq., Civil Code Section 3294, and other applicable provisions of California law.

## FIRST CAUSE OF ACTION

## SEXUAL HARASSMENT IN VIOLATION OF FEHA

### (Against All Defendants)

16. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

17. Defendant's employee, agent, and/or manager, Rodney, while acting within the course and scope of his employment, subjected Plaintiff to the uninvited and unwelcome sexually harassing conduct described above.

18. This pattern of lewd and harassing conduct was violative of FEHA. By reason of its employment of Rodney, Defendant has committed unlawful employment practices.

19. As a direct and proximate result of the egregious conduct alleged herein, Defendant has caused Plaintiff to suffer damages including, but not limited, loss of earnings, medical costs,

-3-
COMPLAINT

attorneys' fees, costs of suit, and other pecuniary damages in an amount in excess of the jurisdictional minimum of this Court.

20. As a further result of the unlawful sexual harassment alleged herein, Plaintiff has suffered, and continues to suffer from humiliation and emotional distress in an amount to be proven at trial.

21. This harassing conduct was carried out by in a despicable, oppressive, and malicious manner, intended to injure or damage Plaintiff, and did so in conscious disregard of her rights, thereby justifying an award of punitive damages in amount to be determined at trial.

## SECOND CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT

### (Against All Defendants)

22. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

23. Plaintiff was an employee for such terms, conditions, and privileges of employment under the control of Defendant, including for purposes of applying state and federal antidiscrimination laws.

24. Throughout Plaintiff's time working for Defendant, she was subjected to unwanted, severe, and pervasively sexual hostile work environment through the sexually harassing/assaultive conduct alleged herein in violation of FEHA because of her sex. Plaintiff openly regarded the working environment to be hostile and abusive.

25. This hostile environment altered the terms and conditions of Plaintiff's employment and had the purpose or effect of unreasonably interfering with her ability to perform her employment duties.

26. Rodney's sexually harassing behavior was continuous throughout Plaintiff's time as an employee of Defendant, and Plaintiff is therefore entitled to application of the continuing violation or hostile work environment doctrine with respect to the allegations raised herein.

27. Because the sexually charged conduct occurred with such regularity that it became routine, a reasonable person in Plaintiff's position would consider the working environment to be abusive and hostile.

-4-
COMPLAINT

28. As a direct and proximate result of the egregious conduct alleged herein, Defendant has caused Plaintiff to suffer damages including, but not limited, loss of earnings, medical costs, attorneys' fees, costs of suit, and other pecuniary damages in an amount in excess of the jurisdictional minimum of this Court.

29. As a further result of the hostile working conditions alleged herein, Plaintiff has suffered, and continues to suffer from humiliation and emotional distress in an amount to be proven at trial.

30. Because this improper conduct was carried out by Defendant's managerial employee who, in a despicable, oppressive, and malicious manner, intended to injure or damage Plaintiff, and did so in conscious disregard of her rights, Plaintiff is therefore entitled to an award of punitive damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## FAILURE TO PREVENT HARASSMENT AND DISCRIMINATION

### (Against All Defendants)

31. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

32. At all times relevant, FEHA was in full force and effect and binding upon Defendant and its employees.

33. Through its acts and omissions, Defendant failed in its affirmative duty to take all reasonable steps necessary to prevent harassment based on gender from occurring.

34. Specifically, Defendant's supervisory employee, Rodney, repeatedly sent Plaintiff sexually explicit videos of himself and others despite Plaintiff having expressed her displeasure with Rodney's inappropriate conduct.

35. As a direct and proximate result of its failure to take appropriate steps to prevent sexual harassment, Defendant has caused Plaintiff to suffer damages including, but not limited, loss of earnings, medical costs, attorneys' fees, costs of suit, and other pecuniary damages in an amount in excess of the jurisdictional minimum of this Court.

COMPLAINT

36. As a further result of the Defendant's failure to prevent harassment and discrimination, Plaintiff has suffered, and continues to suffer from humiliation and emotional distress in an amount to be proven at trial.

37. Because this improper conduct was carried out by Defendant's managerial employee who, in a despicable, oppressive, and malicious manner, intended to injure or damage Plaintiff, and did so in conscious disregard of her rights, Plaintiff is therefore entitled to an award of punitive damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### NEGLIGENT HIRING AND RETENTION

**(Against All Defendants)**

38. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

39. Plaintiff is informed and believes, and based on such information and belief alleges, that Defendant, as well as its mangers, agents, and employees knew, or reasonably should have known, that Rodney may engage in the egregious, sexually harassing conduct alleged herein.

40. Plaintiff is informed and believes, and based on such information and belief alleges, that Defendant knew or should have known that Rodney had a previous history of engaging in unlawful conduct that could cause injury to Plaintiff yet failed to do anything to prevent such injury.

41. At all times relevant, Defendant knew or reasonably should have known that the above-alleged conduct involving sexual harassment would, and did, proximately result in injury and emotional distress to Plaintiff.

42. At all times relevant, Defendant knew or reasonably should have known that unless it intervened to protect Plaintiff, and to adequately supervise, prohibit, regulate, control, discipline, or otherwise penalize the conduct of Rodney, that Rodney would perceive his conduct as being ratified and condoned by Defendant.

43. At all times relevant, the negligent failure of Defendant to protect Plaintiff, and to supervise, prohibit, control, regulate, discipline, or otherwise penalize Rodney's conduct violated Plaintiff's rights under state and common law.

-6-
COMPLAINT

44. As a direct and proximate result of Defendant's negligent hiring and retention, Defendant has caused Plaintiff to suffer damages including, but not limited, loss of earnings, medical costs, attorneys' fees, costs of suit, and other pecuniary damages in an amount in excess of the jurisdictional minimum of this Court.

## JURY DEMAND

45. Plaintiff hereby demands a trial by jury on all issues of fact.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

A) As to the First Cause of Action: An award of compensatory damages in an amount in excess of the jurisdictional minimum, and an additional award of punitive damages in an amount which will deter Defendants and others from engaging in the type of egregious conduct alleged herein.

B) As to the Second Cause of Action: An award of compensatory damages in an amount in excess of the jurisdictional minimum, and an additional award of punitive damages in an amount which will deter Defendants and others from engaging in the type of egregious conduct alleged herein.

C) As to the Third Cause of Action: An award of compensatory damages in an amount in excess of the jurisdictional minimum, and an additional award of punitive damages in an amount which will deter Defendant and others from engaging in the type of egregious conduct alleged herein.

D) As to the Fourth Cause of Action: An award of compensatory damages in an amount in excess of the jurisdictional minimum.

E) As to All Causes of Action:

i. An award of costs, interest, and attorney's fees to the extent, if any, allowed by law; and

ii. For such other and further relief as this Court deems just and proper.

Date:    February 17, 2020                     FRONTIER LAW CENTER

Karo G. Karapetyan
Attorney for Plaintiff
Latisha Arnold

-7-
COMPLAINT

# EXHIBIT B



# Notice of Service of Process

**CHS / ALL**
**Transmittal Number: 21719201**
**Date Processed: 07/08/2020**

| | |
|---|---|
| **Primary Contact:** | SOP UPS - United Parcel<br>SOP - PowerBrief - Wilmington<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Electronic copy provided to:** | CSC Test<br>Arlette Willis<br>Bishop Martin<br>Salem Desir |

| | |
|---|---|
| **Entity:** | United Parcel Service, Inc.<br>Entity ID Number  2551129 |
| **Entity Served:** | United Parcel Service, Inc. |
| **Title of Action:** | Latisha Arnold vs. United Parcel Service, Inc. |
| **Matter Name/ID:** | Latisha Arnold vs. United Parcel Service, Inc. (10353824) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court/Agency:** | San Joaquin County Superior Court, CA |
| **Case/Reference No:** | STK-CV-UOE-2020-4970 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/07/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Karo G. Karapetyan<br>818-914-4453 |
| **Client Requested Information:** | Matter Type: Other/NA |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT C

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

UNITED PARCEL SERVICE, INC., and DOES 1 to 100,

FILED
SUPERIOR COURT - STOCKTON

2020 JUN 18 PM 3:08

BRANDON E. RILEY CLERK
JESSICA CAYO

BY_____

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

LATISHA ARNOLD

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es):

**CASE NUM** (Número d) STK-CV-UOE-2020-4970

San Joaquin County Superior Court, ~~Manteca Branch~~
~~315 E Center Street, Manteca, 95336~~ 180 E. Weber Ave. Suite 200. Stockton, CA 95202

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Frontier Law Center, 23901 Calabasas Road, #2074, Calabasas, CA, 91302, 818-914-3433

DATE: JUL 18 2020   **BRANDON E. RILEY**   Clerk, by   JESSICA CAYO   , Deputy
(Fecha)   (Secretario)   (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): UNITED PARCEL SERVICE, INC.

under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FILE BY FAX

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

### Case Number: **STK-CV-UOE-2020-0004970**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 12/15/2020 Department: 10D | Time: 8:45 AM |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE BARBARA KRONLUND IN DEPARTMENT 10D FOR ALL PURPOSES, INCLUDING TRIAL. | Stockton | Stockton: 209-992-5693 Lodi:    209-992-5522 |

## [ x ] ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1. You must:

    a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

    b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d. **Collection cases** are managed pursuant to CRC 3.740.

2. You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call Court Call, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

3. If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do. Disregard hearing date if that date has expired.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 06/18/2020                                                          _____Jessica Cayo_____,Deputy Clerk

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Karo G. Karapetyan (318101)<br>Frontier Law Center<br>23901 Calabasas Road, Suite 2074, Calabasas, CA 91302<br><br>TELEPHONE NO.: (818) 914-3433      FAX NO. (Optional): (818) 914-3433<br>ATTORNEY FOR (Name): Plaintiff, LATISHA ARNOLD | FOR COURT USE ONLY<br><br>FILED<br>SUPERIOR COURT-STOCKT...<br><br>2020 JUN 18 PM 3:0...<br><br>BRANDON E. RILEY, CLE...<br><br>BY<br>~~~~~JESSICA CAYO |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN<br>STREET ADDRESS: ~~345 E Center Street~~ 180 E. Weber Ave Suite 200<br>MAILING ADDRESS: same<br>CITY AND ZIP CODE: ~~Manteca, 95336~~ Stockton, CA. 95202<br>BRANCH NAME: ~~Manteca~~ | |
| CASE NAME:<br>Latisha Arnold v. United Pacel Service, Inc., et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: STK-CV- UOE -2020- 4970 |
|---|---|---|
| [x] Unlimited    [ ] Limited<br>(Amount demanded exceeds $25,000)    (Amount demanded is $25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 12, 2020

Karo G. Karapetyan
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

FILE BY FAX

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration; std. 3.10<br>www.courts.ca.gov

# EXHIBIT D

# FRONTIER
### Law Center

**KARO KARAPETYAN, ESQ.**
OF COUNSEL
karo@frontierlawcenter.com

23901 Calabasas Road, Suite 2074
Calabasas, CA 91302

**℗** (818) 924-2115
**℗** (818) 924-2115

December 9, 2019

**VIA U.S. CERTIFIED MAIL**

UPS Lathrop HUB
11800 Harlan Rd.
Lathrop, CA 95330

> **Re:**    *Latisha Arnold v. UPS Lathrop Hub*

## CONFIDENTIAL SETTLEMENT COMMUNICATION PURSUANT TO CALIFORNIA EVIDENCE CODE SECTION 1152

We write as litigation counsel for Ms. Latisha Arnold to address some very troubling information we received concerning the behavior of a supervisor over at UPS by the name of "Rodney."

In broad strokes, shortly after being hired, Rodney began aggressively messaging sexually explicit messages to Latisha through Facebook. In one of these videos, Rodney was stroking his engorged penis while making guttural noises and talking about the sexual things he wanted to do to her. Latisha rejected all of Rodney's offers for intercourse and informed her direct supervisor of Rodney's conduct. After filing a complaint with human resources, Latisha was sent home with pay during the investigation.

After conducting an investigation, UPS terminated Rodney for his inappropriate conduct. Notwithstanding, Latisha has remained emotionally scarred from Rodney's highly inappropriate and unwelcome sexual advances. In short, as a supervisor, Rodney's outrageous conduct has created strict liability for UPS.

***First***, sexual harassment includes, but is not limited to, any unwanted verbal, physical, or visual conduct where the focus is sex, as well as the proffering of unwanted sexual advances and/or conditioning employment benefits on the victim's acquiescence. *See Fisher v. San Pedro Peninsula Hosp.*, 214 Cal.App.3d 590, 607-08 (1989) "Sexual harassment creates a hostile, offensive, oppressive, or intimidating work environment and deprives its victim of [the] statutory right to work in a place free of discrimination, when the sexually harassing conduct sufficiently offends, humiliates, distresses or intrudes upon its victim, so as to disrupt [their] emotional tranquility in the workplace, affect [their] ability to perform [their] job as usual, or otherwise interferes with and undermines [their] personal sense of well-being." *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 608 (1989) (citations omitted)

In this case, Latisha literally has tangible physical evidence of one of UPS's supervisors sending her videos and pictures of him stroking his fully engorged penis. Under any form of

analysis, the onslaught of sexually explicit Facebook messages and solicitations for sex qualified as sexual harassment under FEHA. By its plain meaning, "sexual harassment" constitutes any unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature. The conduct in this case plainly satisfies that definition.

***Second***, because Rodney was a supervisor at UPS, UPS is ***strictly liable*** for Rodney's misconduct "regardless of whether the employer knew or should have known of the harassment and regardless of whether the employer took remedial steps to end the harassment after learning of it." *Reinhold v. Commonwealth of Virginia* 151 F3d 172, 174-175 (4th Cir. 1998).

***Third***, a Los Angeles jury recently awarded two women $11 million after they were terminated subsequent to complaining about a co-worker's harassing behavior. As an important point of distinction, in the aforementioned case, these women never were subjected being directly propositioned for sex nor did their supervisor ever send them pictures or videos of them masturbating.

As you can gather, our client has a very strong basis for legal action against you, and given the facts, circumstances, and evidence she also has a high likelihood of success. With that said, we believe it prudent to avoid litigation. Therefore, in lieu of filing suit, we submit that this matter can be resolved now, and without court action, if you would agree to the following terms:

- A $750,000 payment for the indignity, humiliation, and embarrassment suffered by Latisha as a result of Rodney's harassment.

- **TOTAL SETTLEMENT OFFER: $750,000**

In all candor, the foregoing offer is an extremely fair deal when considering the heavy financial risks associated with moving forward with the litigation in this matter. Not only will UPS be responsible for compensatory and special damages, but it will also be on the hook for punitive damages and attorney's fees. It therefore would behoove UPS's interests to quickly accept the foregoing offer so that all parties can move forward in as amicable a manner as possible under the circumstances. To that end, please be advised that this offer is rescinded if it is not accepted before January 6, 2020. Be further advised that if this matter is not settled and resolved promptly, we will move forward with the litigation. If you wish to discuss this letter or the offer in further detail, please contact me on our office at (818) 914-3433.

Very truly yours,

**FRONTIER LAW CENTER**

Karo G. Karapetyan, Esq.

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)            $ _____
☐ Return Receipt (electronic)          $ _____
☐ Certified Mail Restricted Delivery   $ _____
☐ Adult Signature Required             $ _____
☐ Adult Signature Restricted Delivery  $ _____

Postmark
Here

Postage

$

Total Postage and Fees

$

Sent To
UPS Lathrop HUB

Street and Apt. No., or PO Box No.
1180 Harlan Road

City, State, ZIP+4®
Lathrop CA 95330

PS Form 3300, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

# EXHIBIT E

Alison Pulaski Carter (SBN 276090)
**BURNSBARTON PLC**
2201 E. Camelback Road, Ste. 360
Phoenix, AZ 85016
Main: 602.753.4500
Fax: 602-428-7012
alison@burnsbarton.com
*Attorneys for Defendant*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN JOAQUIN**

| | |
|---|---|
| Latisha Arnold,<br><br>           Plaintiff,<br><br>     vs.<br><br>United Parcel Service, Inc., and<br>DOES 1 to 100,<br><br>           Defendants. | NO.:  STK-CV-UOE-2020-4970<br><br>**NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT UNITED PARCEL SERVICE, INC.**<br><br>Case Filed:  June 18, 2020 |

**TO:    PLAINTIFF LATISAH ARNOLD, AND TO PLAINTIFF'S ATTORNEYS KARO KARAPETYAN AND MANNY M. STARR AND FRONTIER LAW CENTER.**

**BY:    DEFENDANT THROUGH ITS ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on August 6, 2020, Defendant United Parcel Service, Inc. ("UPS") filed a Notice of Removal of Civil Action to the U.S. District Court for the Eastern District of California.  A true and correct copy of the Notice of Removal is attached hereto as "Exhibit 1," and is served and filed herewith.  Copies of the Civil Case Coversheet, and Corporate Disclosure Statement filed with the Notice of Removal are attached hereto as "Exhibit 2" and "Exhibit 3" respectively.

DATED this 6th day of August, 2020.

**BURNSBARTON PLC**

By  *Alison Pulaski Carter*
     Alison Pulaski Carter
     Attorneys for Defendant

Notice to Adverse Party of Removal of Civil Action to Federal Court by Defendant
United Parcel Service, Inc.

## PROOF OF SERVICE

I declare that I am a citizen of the United States.  My business address is 2201 E. Camelback Road, Suite 360, Phoenix, AZ 85016.  I reside in the County of Maricopa, AZ, where this mailing occurs.  I am over the age of 18 years, and not a party to the within action.  On the date set forth below, I served the foregoing document(s) described as:

**NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT UNITED PARCEL SERVICE, INC.**

On the following person(s) in this action by placing an original thereof enclosed in a sealed envelope addressed as follows:

> Karo Karapetyan
> Manny M. Starr
> Frontier Law Center
> 23901 Calabasas Road, Suite #2074
> Calabasas CA 91302
> Attorney for Plaintiff
> karo@frontierlawcenter.com
>
> Clerk of the Court
> Superior Court of California
> County of San Joaquin
> 180 E. Weber Avenue
> Stockton, CA 95202

(X)     BY UNITED STATES MAIL  On August 6, 2020, I enclosed the documents in a sealed envelope or package addressed to the persons as set forth above.  I placed the envelope for collection and mailing, following ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage thereon fully prepaid.

(  )     BY OVERNIGHT DELIVERY  On _____, 2020, I enclosed the documents in an envelope and package provided by an overnight delivery carrier and addressed to the persons above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

( X )   BY E-MAIL OR ELECTRONIC TRANSMISSION  On August 6, 2020, I caused the documents to be sent to the persons at the e-mail address listed above.  I did

-2-
Notice to Adverse Party of Removal of Civil Action to Federal Court by Defendant
United Parcel Service, Inc.

not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful

( )    BY PERSONAL SERVICE  On _____ at Phoenix, AZ, I caused such envelope(s) to be delivered to the office of the addressee(s) above.

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

Executed on August 6, 2020, at Phoenix, Arizona.

*Betsy Hibbs*
Betsy Hibbs

-3-
Notice to Adverse Party of Removal of Civil Action to Federal Court by Defendant United Parcel Service, Inc.

Case 2:20-cv-01565-WBS-JDP    Document 1    Filed 08/06/20    Page 33 of 42

# EXHIBIT F

Alison Pulaski Carter (SBN 276090)
**BURNSBARTON PLC**
2201 E. Camelback Road, Ste. 360
Phoenix, AZ 85016
Main: 602.753.4500
Fax: 602-428-7012
alison@burnsbarton.com
*Attorneys for Defendant*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN JOAQUIN**

| | |
|---|---|
| Latisha Arnold,<br><br>                    Plaintiff,<br><br>        vs.<br><br>United Parcel Service, Inc., and<br>DOES 1 to 100,<br><br>                    Defendants. | NO.:  STK-CV-UOE-2020-4970<br><br>**NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT UNITED PARCEL SERVICE, INC.**<br><br>Case Filed:  June 18, 2020 |

**TO:    THE CLERK OF SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN JOAQUIN**

**BY:    DEFENDANT THROUGH ITS ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on August 6, 2020, Defendant United Parcel Service, Inc. ("UPS") filed a Notice of Removal of Civil Action to the U.S. District Court for the Eastern District of California, a true and correct copy (without exhibits) of which is attached hereto as "Exhibit 1," to effect the removal of the above-captioned case from the Superior Court of the State of California, County of San Joaquin, to the U.S. District Court for the Eastern District of California.  The filing of said Notice of Removal effects the removal of the above-captioned action from this Court and, pursuant to 28 U.S.C. § 1446(d), the state court is to proceed no further unless and until the case is remanded.

RESPECTFULLY SUBMITTED this 6 day of August, 2020.

**BURNSBARTON PLC**

By   *Alison Pulaski Carter*
        Alison Pulaski Carter
        Attorneys for Defendant

**Notice To Superior Court Of Removal Of Civil Action To Federal Court By Defendant United Parcel Service, Inc.**

# PROOF OF SERVICE

I declare that I am a citizen of the United States.  My business address is 2201 E. Camelback Road, Suite 360, Phoenix, AZ 85016.  I reside in the County of Maricopa, AZ, where this mailing occurs.  I am over the age of 18 years, and not a party to the within action.  On the date set forth below, I served the foregoing document(s) described as:

**NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT UNITED PARCEL SERVICE, INC.**

On the following person(s) in this action by placing an original thereof enclosed in a sealed envelope addressed as follows:

> Karo Karapetyan
> Manny M. Starr
> Frontier Law Center
> 23901 Calabasas Road, Suite #2074
> Calabasas CA 91302
> Attorney for Plaintiff
> karo@frontierlawcenter.com
>
> Clerk of the Court
> Superior Court of California
> County of San Joaquin
> 180 E. Weber Avenue
> Stockton, CA 95202

( X )  BY UNITED STATES MAIL  On August 6, 2020, I enclosed the documents in a sealed envelope or package addressed to the persons as set forth above.  I placed the envelope for collection and mailing, following ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage thereon fully prepaid.

( )     BY OVERNIGHT DELIVERY  On _____, I enclosed the documents in an envelope and package provided by an overnight delivery carrier and addressed to the persons above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

**Notice To Superior Court Of Removal Of Civil Action To Federal Court By Defendant United Parcel Service, Inc.**

(X)    BY E-MAIL OR ELECTRONIC TRANSMISSION  On August 6, 2020, I caused the documents to be sent to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful

(  )    BY PERSONAL SERVICE  On _____ at Phoenix, AZ, I caused such envelope(s) to be delivered to the office of the addressee(s) above.

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

Executed on August 6, 2020, at Phoenix, Arizona.

*Betsy Hibbs*
Betsy Hibbs

-3-
**Notice To Superior Court Of Removal Of Civil Action To Federal Court By Defendant United Parcel Service, Inc.**

# EXHIBIT G

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Latisha Arnold | United Parcel Service, Inc. |

**(b)** County of Residence of First Listed Plaintiff    San Joaquin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karo Karapetyan / Frontier Law Center
23901 Calabasas Road, Suite 2074, Calabasas, CA 91302
Telephone: 818-914-3433

Attorneys *(If Known)*
Alison Pulaski Carter / BurnsBarton PLC
2201 E. Camelback Road, Suite 360, Phoenix, AZ 85016
Telephone: 602-753-4505

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☒ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability    ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &    Pharmaceutical Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability    ☐ 368 Asbestos Personal ☐ 340 Marine    Injury Product ☐ 345 Marine Product    Liability | | ☐ 835 Patent - Abbreviated New Drug Application ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability    **PERSONAL PROPERTY** ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 190 Other Contract | Product Liability    ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury    ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| | ☐ 362 Personal Injury -    Product Liability | ☐ 751 Family and Medical | | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment    ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations    ☐ 530 General | | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment    **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other    ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education    ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee -    Conditions of    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec 1332 (Diversity) and 28 U.S.C. Sec. 1441 (Removal)

Brief description of cause:
Removal to State Court on diversity grounds; plaintiff alleges sexual harassment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
08/06/2020

SIGNATURE OF ATTORNEY OF RECORD
s/Alison Pulaski Carter

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 02/19)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# EXHIBIT 2

Alison Pulaski Carter (SBN 276090)
**BURNSBARTON PLC**
2201 E. Camelback Road, Ste. 360
Phoenix, AZ 85016
Main: 602.753.4500
Fax: 602-428-7012
alison@burnsbarton.com
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Latisha Arnold,<br><br>             Plaintiff,<br><br>vs.<br><br>United Parcel Service, Inc., and DOES 1 to 100,<br><br>             Defendants. | NO.:<br><br>(Formerly San Joaquin County Superior Court No. STK-CV-UOE-2020-4970)<br><br>**DECLARATION OF RYAN SWIFT IN SUPPORT OF DEFENDANT UNITED PARCEL SERVICE, INC.'S NOTICE OF REMOVAL** |

I, **RYAN C. SWIFT,** declare and state as follows

1.    I am employed by Defendant United Parcel Service, Inc. ("UPS") in the Legal Department in Atlanta, Georgia. My title is Attorney and Assistant Secretary. My job includes responsibilities for corporate governance of UPS. I have personal knowledge of the facts set forth in this Declaration and, if called upon to do so, could and would testify competently thereto.

2.    I understand that Plaintiff, Latisha Arnold, ("Plainitff") filed this Complaint on June 18, 2020.

3.    UPS is now, and was as of January 17, 2012, incorporated in the State of Ohio. In addition, UPS's corporate headquarters is in the State of Georgia, which is its principal place of business. By principal place of business, I mean that UPS's corporate headquarters are located in Atlanta, Georgia; members of UPS's Management Committee work in the Atlanta corporate headquarters; UPS holds itself out to the public as maintaining

its corporate headquarters in Atlanta; UPS maintains its corporate records and files in Atlanta; and UPS prepares and files its federal income taxes in Atlanta.

4.    UPS is primarily engaged in the delivery of packages and documents throughout the United States and internationally. UPS operates in every state in the United States. Indeed, UPS's service area includes every address in the United States.

5.    UPS's executive and administrative functions are centralized in Atlanta, which houses its corporate headquarters. Members of the Management Committee, the committee responsible for the day-to-day management of UPS's business, reside in Atlanta. The Management Committee is responsible for the management of all aspects of UPS's business.

6.    Corporate headquarters in Atlanta overseas all of UPS's major departments, including each of the following: advertising, business development, customer relations, human resources, industrial engineering, investor relations, labor relations, legal, marketing, mergers and acquisitions, payroll, public relations, risk management, security and tax.

7.    UPS also maintains its corporate records and files in Atlanta, prepares and files its federal income taxes in Atlanta, and holds itself out to the public as maintaining corporate headquarters in Atlanta.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 5th day of August, 2020, at Atlanta, Georgia

By _____
RYAN C. SWIFT

-2-

Declaration of Ryan C. Swift